**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA CIRCUIT CIVIL DIVISION**

**LISA M. HOLLAND,**

**Plaintiff,**

**v.**

**Case No.** 08 27196

**Division:** DIVISION F

**DAVID A. GEE, in his official capacity as Sheriff of Hillsborough County,**

**Defendant.**

______________________________/

**COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff Lisa M. Holland ("Plaintiff" or "Holland") sues David A. Gee, in his official capacity as Sheriff of Hillsborough County ("Defendant" or "HCSO").

## I. NATURE OF THE CASE

1. This is an action brought pursuant to the Florida Civil Rights Act of 1992, §760.01, *Florida Statutes*, *et seq.*, ("FCRA"), and Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

## II. JURISDICTION AND VENUE

2. This is an action seeking damages that exceed $15,000.00, exclusive of interest, attorneys' fees and costs. Accordingly, this Court has subject matter jurisdiction over this action.

3. One or more of Defendant's wrongful acts took place in Hillsborough County. Accordingly, venue properly rests in this Court.

## III. PARTIES

4. Holland is a resident of Hillsborough County, Florida.

5. David A. Gee is the Sheriff of Hillsborough County and is being sued in his official capacity.

6. At all time material hereto, Holland was an employee, employed by the HCSO, which was her employer as these terms are defined under all relevant laws.

## GENERAL ALLEGATIONS

7. Holland began working for HCSO as a Data Processing Telecommunications Technician on or about August 4, 2003.

8. After working in that position for a number of months, HCSO made Holland become an "independent contractor," however, there was no actual change in Holland's position and Holland was in fact an employee of HCSO.

9. HCSO made Holland become an "independent contractor" in an attempt to avoid numerous legal requirements including, but not limited to, provisions of the Internal Revenue Code, Federal Insurance Contributions Act, Social Security Act, Medicare Act, Florida Workers' Compensation Act, Florida Unemployment Act, Hillsborough County Civil Service Act and Rules of the Hillsborough County Civil Service Board.

10. Holland was paid an hourly wage for all hours worked.

11. HCSO designated Holland's work schedule, which was approximately eight hours per day, five days per week.

12. Holland was required to sign in and sign out.

13. Holland's job title was the same as other HCSO employees.

14. Holland was required to wear a uniform specified and purchased by HCSO.

15. Holland utilized a HCSO vehicle to drive to and from work assignments during the workday.

16. Holland's training was assigned by HCSO.

17. Holland's work assignments were made by HCSO, which instructed her when, where, with whom to work and what tools and equipment to utilize.

18. Holland became pregnant while she was employed by the HCSO.

19. During her employment, management employees of HCSO discriminated against Holland because of her sex (pregnancy).

20. Subsequently, HCSO terminated Holland's employment because of her sex (pregnancy).

21. Holland timely filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") that was dual filed with the Florida Commission on Human Relations.

22. After the passage of more than 180 days, Holland received a notice of Right to Sue from the EEOC.

23. All administrative and notice requirements and prerequisites have been satisfied.

**COUNT I**

**UNLAWFUL DISCRIMINATION UNDER FCRA**

24. Holland reincorporates and realleges the allegations of paragraphs 1 through 23 as fully set forth herein.

25. The actions of the HCSO as detailed above are a violation of the FCRA in that the HCSO discriminated against Holland because of her sex (pregnancy).

## COUNT II

## UNLAWFUL DISCRIMINATION UNDER TITLE VII

26. Holland reincorporates and realleges the allegations of paragraphs 1 through 23 as fully set forth herein.

27. The actions of the HCSO as detailed above are a violation of Title VII in that the HCSO discriminated against Holland because of her sex (pregnancy).

## JURY TRIAL DEMAND AND RELIEF SOUGHT

28. Holland demands a jury for all issues so triable as of right.

Wherefore, Holland prays that judgment be entered in her favor and against the HCSO as to all causes of action, that Holland be awarded: back pay; front pay; compensatory damages; punitive damages; pre- and post-judgment interest; liquidated damages; reasonable costs and attorneys' fees; injunctive relief; and all other relief that the Court or the Jury determines to be just and proper.

Respectfully submitted,

Ryan D. Barack
Florida Bar No. 0148430
Kwall, Showers & Barack, P.A.
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff