**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LISA M. HOLLAND,**

        **Plaintiff,**

                                    **Case No.: 8:08-cv-2458-VMC-EAJ**

**v.**

**DAVID A. GEE, in his official capacity**
**as Sheriff of Hillsborough County,**

        **Defendant.**
_____/

**CASE MANAGEMENT REPORT**

       1.    <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a conference was held on    <u>February 2, 2009</u>    by telephone and was attended by:

| <u>**Name**</u> | <u>**Counsel for (if applicable)**</u> |
|---|---|
| Ryan D. Barack | Plaintiff |
| Thomas M. Gonzalez | Defendant |

       2.    <u>Fed.R.Civ.P. 26(a)(1), as amended, effective December 1, 2000, Pre-Discovery Initial Disclosures</u>:

The parties (check one)

           <u>      </u> have exchanged      <u>   X   </u>agree to exchange

information described in Fed.R.Civ.P. 26(a)(1) on or before  <u>**2/26/09**</u> .  Below is a detailed description of information disclosed or scheduled for disclosure:

       3.    <u>Discovery Plan – Plaintiff</u>:   The parties jointly propose the following Plaintiff's discovery plan:

a.    Every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)    <u>Requests for Admission</u>:

Plaintiff anticipates serving Defendant with requests for admissions as provided by in the Federal Rules of Civil Procedure.

Number of Requests for Admission:  Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed.R.Civ.P. 26(b)(2).  Any such request must be presented by motion.  See paragraph 6 below.

(2)    <u>Written Interrogatories</u>:

Plaintiff anticipates serving Defendant with written interrogatories as provided by in the Federal Rules of Civil Procedure.

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Plaintiff to exceed this limit must be presented by motion.  See paragraph 6 below.

(3)    <u>Requests for Production or Inspection</u>:

Plaintiff anticipates serving Defendant with written requests for production as provided by in the Federal Rules of Civil Procedure.

(4)    <u>Oral Depositions</u>:

Plaintiff anticipates taking oral depositions in this matter as provided by in the Federal Rules of Civil Procedure.

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Plaintiff to exceed this limit must be presented by motion.  See paragraph 6 below.

Time permitted for Each Deposition, in accordance with Fed. R. Civ. P. 30(d), is limited to one day of seven hours, unless extended by stipulation of the parties or

2

order of the Court.

b.      Disclosure of Expert Testimony:      Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**July 27, 2009.**

c.      Supplementation of Disclosures and Responses:      Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**September 14, 2009.**

d.      Completion of Discovery:      Plaintiff will commence all discovery in time for it to be completed on or before  **September 30, 2009**          .

4.      Discovery Plan – Defendant:      The parties  jointly propose the following Defendant's discovery plan:

a.      Defendant's Planned Discovery:      Every discovery effort Defendant plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)      Requests for Admission:

Defendant anticipates serving Plaintiff with written requests for production as provided by in the Federal Rules of Civil Procedure.

Number of Requests for Admission:  Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be presented by motion.  See paragraph 6 below.

(2)      Written Interrogatories:

Defendant anticipates serving Plaintiff with written interrogatories as provided by in the Federal Rules of Civil Procedure.

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Defendant to exceed this limit must be presented by motion.  See paragraph 6 below.

(3)    <u>Requests for Production or Inspection</u>:

Defendant anticipates serving Plaintiff with written requests for production as provided by in the Federal Rules of Civil Procedure.

(4)    <u>Oral Depositions</u>:

Defendant anticipates taking oral depositions in this matter as provided by in the Federal Rules of Civil Procedure.

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Defendant to exceed this limit must be presented by motion.  See paragraph 6 below.

Time permitted for Each Deposition:  Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court

b.    <u>Disclosure of Expert Testimony</u>:    Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**August 31, 2009.**

c.    <u>Supplementation of Disclosures and Responses</u>:    Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**September 14, 2009.**

d.    <u>Completion of Discovery</u>:    Defendant will commence all discovery in time for it to be completed on or before    **September 30, 2009**    .

5.    <u>Joint Discovery Plan – Other Matters</u>:    Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

6.    <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:    Any disagreement or unresolved issue concerning discovery matters must be made the subject of a

separate motion to be filed not later than eleven days after the filing of the Case Management Report. Such disagreement or unresolved issue will not excuse the establishment of discovery completion dates.

Pursuant to Fed.R.Civ.P. 26(a)(1), as amended effective December 1, 2000, any objections to the appropriateness of required Initial Disclosures shall be recorded in the case management report.

7.      <u>Third Party Claims/Joinder of Parties and Potentially Dispositive Motions</u>: Parties agree that the final date for filing motion for leave to file third party claims or motions to join parties should be __**May 1, 2009**__. (this date must be *at least* 120 days prior to close of discovery); and that the final date for filing all potentially dispositive motions (for summary judgment or other) should be __**October 26, 2009**__ (a date which is *at least* 60 days prior to the final pretrial conference).

Plaintiff may also file an amended complaint to assert a claim under the Family and Medical Leave Act. This amended complaint will be filed by May 1, 2009.

8.      <u>Settlement and Alternative Dispute Resolution</u>:

a.      <u>Settlement</u>: Parties agree that settlement is

_____  likely          _____  unlikely          __X__unknown

b.      <u>Mediation</u>: this case is referred to Court-Annexed Mediation pursuant to Rule 9, Local Rules, M.D.Fla. Mediation must be conducted by a Certified Mediator. A list of Certified Mediators is available on the Middle District of Florida website. The parties are granted an opportunity to select a Certified Mediator from the approved list and to decide where the mediation should be held. The parties should also state the deadline for conducting the mediation conference. If the parties are unable to agree, they must notify the Court and the Court will appoint a Certified Mediator and set a deadline for the mediation conference.

Certified Mediator: _____Peter J. Grilli_____
Deadline for Mediation:__**September 1, 2009**_____
Location of Mediation:_____3001 W. Azeele Street, Tampa FL 33609_____

5

9.      Parties agree to consent to trial presided over by United States Magistrate Judge (which will afford the parties better opportunity for a "date certain" for trial.)

_____ yes          __X__ no          _____ likely to agree in future

*If yes, the parties shall complete and all counsel and unrepresented parties shall sign the Form AO-85 attached hereto (please note **all signatures must appear on the same** form); submit the same to the Clerk, and the undersigned will promptly thereafter enter the 'Order of Reference" portion and file the same in the record hereof.*

10.     Preliminary Pretrial Conference:

If designated a Track Three case, Local Rule 3.05(c)(3)(B) provides that a preliminary pretrial conference **is mandatory, and the Court will *sua sponte* schedule and notice such conference.**

> **[Note:** If case was not designated Track Three but all counsel believe it should be such, plaintiff's counsel shall immediately contact the undersigned's Courtroom Deputy Clerk.]

If designated a Track Two case, the parties (check one)

_____ request          __X__ do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order to address the following unresolved issues:

> **[NOTE: If no issues are specified here by the parties. no such conference will be scheduled.]**

11.     Final Pretrial Conference and Trial:  Parties agree that they will be ready for a final pretrial conference on or after **January 4, 2010** (date) and for trial on or after **February 1, 2010** (date).

This (*check one*) **[_X_] Jury** [___] **Non-Jury** trial is expected to take approximately __32__ hours.

12.     Pretrial Disclosures and Final Pretrial Procedures:  Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed.R.Civ.P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

6

13.    <u>Other Matters</u> (if any):

Dated this 9th day of February 2009.


/s/ Ryan D. Barack                                                         /s/ Thomas M. Gonzalez
RYAN D. BARACK                                                       THOMAS  M. GONZALEZ
Florida Bar No. 148430                                    Lead Trial Counsel
Kwall, Showers & Barack, P.A.                           Florida Bar No: 192341
133 North Fort Harrison Avenue                        CHRISTOPHER M. BENTLEY
Clearwater, Florida  33755                               Florida Bar No.: 052616
Telephone (727) 441-4947                               Thompson, Sizemore, Gonzalez
Facsimile (727) 447-3158                                     & Hearing, P.A.
rbarack@ksblaw.com                                    201 N. Franklin Street, Suite 1600
Attorney for Plaintiff                                      Tampa, FL 33602
Telephone (813) 273-0050
Facsimile (813) 273-0072
tgonzalez@tsg-law.com
cbentley@tsg-law.com
Attorneys for Defendants