UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA M. HOLLAND,

      Plaintiff,

v.

      Case No.: 8:08-cv-2458-VMC-EAJ

DAVID A. GEE, in his official capacity
as Sheriff of Hillsborough County,

      Defendant.
_____/

## AFFIDAVIT OF TERESA W. STERNS

BEFORE ME, the undersigned authority, personally appeared Teresa W. Sterns, who after being duly sworn, deposes and says as follows:

1. My name is Teresa W. Sterns. The facts set forth in this Affidavit are true and correct. Unless otherwise indicated, they are based on personal knowledge. I have been asked to provide this Affidavit and do so in a voluntary manner. I have not been promised any benefit in exchange for my statement, nor have I been threatened with any loss if I do not provide this statement.

2. I am currently employed by the Hillsborough County Sheriff's Office as a Support Specialist. Prior to my current position, I was the Manager of User Support in the Information Services Division. In this capacity, I have knowledge of Lisa Holland's ("Holland") involvement with the Sheriff's Office.

4. While Holland was retained as an independent contractor, she was informed that she needed to obtain her COMP TIA Network Plus ("Network Plus") and COMP TIA A-Plus ("A-Plus") certificates to be eligible for any future data processing

telecommunications technician ("DP Tech") positions with the Sheriff's Office. As a favor to Holland, the Sheriff's Office offered to pay for her necessary training – a benefit not given to any other independent contractor or applicant.

5. In 2006, Holland attended a training class at the Sheriff's Office expense. Following the completion of the class, I was informed that Holland failed to take the examination that would allow her to earn a certificate in the course. The Sheriff's Office informed her that it would not pay for any additional training until she completed the examination. This was consistent with the Division's training policy. Despite this instruction, it is my understanding that Holland never took the examination.

6. In or about December, 2006, the Sheriff's Office created its sixth and final DP Tech position. The position was advertised through Civil Service. The Sheriff's Office hired Richard Sanchez, the only applicant who satisfied the position's minimum qualifications.

7. In March 2007, the Help Desk was implementing an Active Directory clean up and standardization procedure. Since the project demanded the full attention of Help Desk personnel, I requested that a DP Tech be assigned to the Help Desk. Holland was selected for the assignment. At that time, she was the only independent contractor retained to perform DP Tech services.

8. When I notified Holland of the assignment, I have no recollection of her asking me about the reasons behind the selection. Nor do I have any recollection of ever telling her that it was "because [she] was pregnant and it was inevitable."

9. Once Holland was reassigned back to technical services, Holland started declining work orders. She also failed to maintain contact with the Sheriff's Office on the progress

of those work orders. In fact, on May 31, 2007, Holland held 16 work orders open – some of which had to be reassigned to other technicians. *See* Exhibit A. I was also informed that Holland at times was unavailable and failed to notify the Sheriff's Office of her whereabouts and progress of her work orders. *See* Exhibit B.

FURTHER AFFIANT SAYETH NAUGHT.

_____
AFFIANT - TERESA W. STERNS

SWORN TO and subscribed to before me this 2nd day of December, 2009, by ___Teresa Sterns___, who is personally known to me or who has produced _____ as identification and who did (did not) take an oath.

(SEAL)

NOTARY PUBLIC
Typed Name: Lisa M. Stropes
My commission expires:_____
Commission No.:_____

Notary Public State of Florida
Lisa M Stropes
My Commission DD940709
Expires 11/16/2013

3