UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


LISA M. HOLLAND

        Plaintiff,

v.                                                        Case No. 8:08-cv-2458-T-33AEP

DAVID A. GEE, in his official capacity
as Sheriff of Hillsborough County,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon the Plaintiff's Motion to Tax Attorneys' Fees and Expenses (Dkt. No. 133), the Defendant's response in opposition thereto (Dkt. No. 136), and the Plaintiff's Bill of Costs (Dkt. No. 134). For the reasons that follow, I recommend that the request for attorneys' fees and costs be granted in part and denied in part as stated herein.[1]

### I.      Background

The Plaintiff brought this action alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act, and the Florida Civil Rights Act of 1992 ("FCRA") (Dkt. No. 2). Specifically, the Plaintiff alleged that the Defendant discriminated against her on the basis of her sex (pregnancy) as to both a position transfer and her termination. After engaging in discovery, the Plaintiff filed a motion for partial summary

_____

[1] Although the district judge referred the motion for disposition (Dkt. No. 135), under Local Rule 6.01(c)(18), a magistrate judge cannot enter an order that would be appealable if entered by a district judge. *See also* 28 U.S.C. § 636. Accordingly, the undersigned has submitted a report and recommendation.

judgment (Dkt. No. 16) and the Defendant moved for summary judgment (Dkt. No. 21).  The Court denied the Defendant's motion but granted the Plaintiff's motion in part, finding that the Plaintiff was an employee under the FCRA and Title VII (Dkt. No. 58).  After a four-day jury trial, the jury returned a verdict in favor of the Plaintiff, awarding her $80,000.00 in damages to compensate for a net loss of wages and benefits through the date of trial and $10,000.00 in damages to compensate for emotional pain and/or mental anguish (Dkt. No. 88).  The Defendant orally moved for judgment as a matter of law (Dkt. No. 85), which the Court granted as to the Plaintiff's entitlement to back pay or benefits but denied as to the jury's finding of discrimination (Dkt. No. 102).  Consistent with its ruling, the Court vacated the award of back pay and entered judgment for the Plaintiff in the amount of $10,000.00 (Dkt. Nos. 88, 102, 104).

Following that, the Plaintiff filed a motion seeking to tax attorneys' fees and expenses against the Defendant, the Declaration of Attorney Matthew K. Fenton ("Mr. Fenton"), and a proposed Bill of Costs (Dkt. Nos. 105, 106, 117), to which the Defendant responded in opposition and filed the Declaration of David W. Adams ("Mr. Adams") (Dkt. Nos. 122, 123).  In the meantime, the Plaintiff appealed the portion of the Court's Order vacating the $80,000.00 in back pay awarded by the jury (Dkt. No. 112).  The Defendant then cross-appealed as to (1) the Order denying the Defendant's motion for summary judgment, (2) the oral ruling of July 28, 2010, taking under advisement the Defendant's motion for judgment as a matter of law, (3) the Order denying the Defendant's motion for judgment as a matter of law, (4) the judgment, and (5) the Order denying the Defendant's renewed judgment as a matter of law (Dkt. No. 118).  After consideration, the Eleventh Circuit issued its opinion affirming the Court's decision to sustain

2

the jury's finding of liability, reversing the Court's decision to vacate the award of back pay, and

remanding the case to this Court for the entry of judgment on the jury's verdict (Dkt. Nos. 129,

130).

Prior to the Eleventh Circuit's decision on appeal, the Court denied the initial motion for

attorneys' fees without prejudice and allowed the parties to re-file the motion no later than

fourteen days after entry of a mandate by the Court of Appeals (Dkt. No. 128).  Accordingly,

following issuance of the Eleventh Circuit's mandate, the Plaintiff timely filed the instant motion

seeking attorneys' fees and costs for both the proceedings in this Court and on appeal (Dkt. No.

133).[2]  By the motion, the Plaintiff seeks an award of attorneys' fees and costs totaling

$151,026.49.  More specifically, the Plaintiff seeks an award of attorneys' fees in the amount of

$142,480.00 for 260.8 hours of work performed by Attorney Ryan D. Barack ("Mr. Barack") at

an hourly rate of $400.00 and for 190.8 hours of work performed by Attorney Michelle E. Nadeau

("Ms. Nadeau") at an hourly rate of $200.00, as well as an award of costs in the amount of

$8,546.49.[3]  The Defendant responds in opposition arguing that the Court should reduce the

lodestar amount and the amount of costs and award Plaintiff fees in the amount of $74,802.00

(Dkt. No. 136).

## II.    Standard of Review

The Plaintiff seeks an award of attorneys' fees under Title VII and the FCRA.  Under both

---

[2]  Indeed, the Eleventh Circuit granted the Plaintiff's motion to transfer consideration of her appellate attorneys' fees to this Court (Dkt. No. 137).

[3]  The Plaintiff does not seek compensation for work performed by paralegals in this action.

Title VII and the FCRA, the Court, in its discretion, may allow the prevailing party reasonable attorneys' fees as part of the costs. *See* 42 U.S.C. §§ 1988(b) & 2000e-5(k); Fla. Stat. § 760.11(5). To calculate a reasonable award of attorneys' fees, courts multiply the reasonable hourly rate by the reasonable hours expended.[4] *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). This "lodestar" figure may subsequently be adjusted upward or downward based on other factors such as the results obtained. *Hensley*, 461 U.S. at 434.

In determining the lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299; *Rowe*, 472 So. 2d at 1151 (finding that the prevailing market rate is "the rate charged in that community by lawyers of reasonably comparable skill, experience and reputation, for similar services"). In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing that the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or producing opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299; *Rowe*, 472 So. 2d at 1151

---

[4] Florida has adopted this federal lodestar method for calculating appropriate attorney's fees. *See Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990); *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). Furthermore, the provision for attorneys' fees under the FCRA is to "be interpreted in a manner consistent with federal case law involving a Title VII action." Fla. Stat. § 760.11(5).

(finding that the party seeking the fee carries the burden of establishing the prevailing market rate).  At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, satisfactory evidence must speak to rates actually billed and paid in similar lawsuits.  *See Norman*, 836 F.2d at 1299.

After determining a reasonable hourly rate, courts must then determine the amount of hours reasonably expended on the litigation.  In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 434; *Norman*, 836 F.2d at 1301.  Accordingly, counsel may not bill any hours to their adversary which they would not bill to their client.  *Hensley*, 461 U.S. at 434.  As the party seeking fees must be precise in requesting and excluding hours, parties opposing the fee petition should also be reasonably precise in their objections.  *See Norman*, 836 F.2d at 1301.  "Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight."  *Id.*  Where the time or fees claimed appear expanded or lack documentation or testimonial support, a court may make a fee award based on its own experience and knowledge.  *Id.* at 1303.

When calculating the reasonably hourly rate and the number of compensable hours that are reasonable, courts in the Eleventh Circuit are guided by the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  *Norman*, 836 F.2d 1299 (noting the *Johnson* factors may still "be considered in terms of their influence on the lodestar amount"); *see Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) ("In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to

5

consider the 12 factors enumerated in *Johnson* . . . ."); *see Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994) (*per curiam*) (stating that "[a]lthough its balancing test has since been displaced by the lodestar formula, we have expressed our approval of district courts considering the *Johnson* factors in establishing a reasonable hourly rate"); *see also Hensley*, 461 U.S. at 434 n.9 (noting many of the *Johnson* factors "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate").[5]  Furthermore, the Court is an expert on the question of attorney's fees and may thus consider its own knowledge and experience concerning reasonable and appropriate fees and may also form an independent judgment with or without the aid of an evidentiary hearing.  *Norman*, 836 F.2d at 1303.  Ultimately, the computation of a fee award requires an exercise of judgment because no precise rule or formula exists for making these determinations.  *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (citing *Hensley*).

### III.    Discussion

Here, the Defendant does not dispute the Plaintiff's entitlement to attorneys' fees as the prevailing party.  Rather, the Defendant challenges the reasonableness of the hourly rates sought and as to the number of hours expended.  As discussed below, it is recommended that the requested fee and costs award be reduced.

---

[5] These factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

## A.  Reasonable Hourly Rates

As noted above, the fee applicant bears the burden of establishing an appropriate hourly rate.  *Norman*, 836 F.2d at 1299.  In meeting that burden, the fee applicant must show that the requested rate comports with the prevailing market rate.  *Id.*  To do so, the fee applicant may present direct evidence of charges by lawyers under similar circumstances or may present opinion evidence.  *Id.*

In this instance, the Plaintiff was represented by two attorneys, Mr. Barack and Ms. Nadeau.  Mr. Barack has practiced for fourteen years in the Tampa Bay area, almost exclusively in matters pertaining to labor and employment, and is Board Certified in Labor and Employment Law by the Florida Bar (Dkt. No. 133, Ex. 1).  Ms. Nadeau has practiced for four years, with her practice similarly focused almost exclusively upon labor and employment matters (Dkt. No. 133, Ex. 2).  At the outset of her participation in these proceedings, however, Ms. Nadeau had just been admitted to the Florida Bar (*see id.*).

By the instant motion, the Plaintiff requests an hourly rate of $400.00 for Mr. Barack and $200.00 for Ms. Nadeau (Dkt. No. 133).  According to the Plaintiff, the hourly rates requested for each attorney comport with the prevailing market rates for attorneys of similar experience, reputation, and ability who handle labor and employment cases in the Middle District of Florida.  Additionally, the Plaintiff asserts that this hourly rate is consistent with previous decisions of this Court awarding fees to Mr. Barack.  The Defendant, however, contends that the requested hourly rates are excessive and should be reduced from $400.00 to $300.00 for Mr. Barack and from $200.00 to $150.00 for Ms. Nadeau (Dkt. No. 136).  In support of their contentions, the parties

offer the affidavits of two experienced Tampa employment law attorneys, Matthew Fenton for the Plaintiff and David Adams for the Defendant (Dkt. No. 117; Dkt. No. 136, Ex. 3).

Upon review of the fee motion and supporting documentation, neither Mr. Barack nor Mr. Fenton have identified a single case where either of them have been awarded an hourly rate of $400.00 per hour nor demonstrated that $400.00 is the prevailing market rate. For example, in *Wright v. First Mortgage America*, *Inc.*, a Fair Labor Standards Act case that concluded with a default judgment, Mr. Barack sought an award of attorneys' fees for the plaintiff in an amount of $26,635.00 for 76.1 hours of work in 2009, meaning he sought an hourly rate of $350.00. Case No. 8:06-CV-727-T-27EAJ (M.D. Fla.), Dkt. No. 29. As the fee request in *Wright* was uncontested, the Court awarded the plaintiff attorneys' fees at an hourly rate of $350.00 for Mr. Barack's work in that case. *See id.* at Dkt. Nos. 29, 33.[6] Indeed, the award of an hourly rate of $350.00 is consistent with or greater than other fee awards granted in the Middle District of Florida, especially in cases involving employment disputes. *See, e.g., Comprehensive Care Corp. v. Katzman*, No. 8:09-cv-1375-T-24TBM, 2011 WL 2938268, at *2-*3 (M.D. Fla. July 21, 2011) (finding reasonable $300.00 hourly rate for an attorney with over ten years of experience, $200.00 hourly rate for an attorney with four to nine years of experience, $150.00 hourly rate for an

---

[6] There, the plaintiff later moved for a supplemental motion for entry of judgment and an additional $750 in attorneys' fees for work associated with the preparation of the supplemental motion and supporting affidavit. *See Wright,* Case No. 8:06-CV-727-T-27EAJ (M.D. Fla.), Dkt. No. 34. Although the motion did not provide any explanation of the hourly rate charged at that point, Mr. Barack asserts that he was awarded a fee of $375.00 for presumably two hours of work. *See id.* at Dkt. Nos. 29, 33, 34, 36. Though the Court may have approved two hours of work at a rate of $375.00 per hour, the bulk of the attorneys' fees were awarded at the $350.00 hourly rate for Mr. Barack.

8

attorney with less than four years of experience, and $200.00 hourly rate for an attorney with an unknown level of experience for a case involving claims for breach of contract and indemnification); *Johnson v. Potter*, No. 8:08-cv-1279-T-24TGW, 2011 WL 672347, at *2-*3 (M.D. Fla. Feb. 17, 2011) (finding hourly rates ranging from $200.00 to $350.00 reasonable for work performed by attorneys with various levels of experience in a case involving claims brought under Title VII and the FMLA); *Fielder v. Shinseki*, No. 8:07-cv-1524-T-TBM, 2010 WL 1708621, at *2-*3 (M.D. Fla. April 26, 2010) (finding that trial counsel typically billed $300.00 to $400.00 per hour for Title VII matters and concluding that an hourly rate of $350.00 per hour was reasonable for two attorneys with over thirty years of experience). Further, in *Dail v. George A. Arab Inc.*, another Fair Labor Standards Act case, the Court awarded the lead counsel an hourly rate of $350.00 and a third-year attorney an hourly rate of $250.00 but explicitly noted that those rates appeared to "exceed the reasonable hourly rate in the Orlando market for similar work performed by attorneys with similar qualifications and experience[.]" 391 F. Supp. 2d 1142, 1147 (M.D. Fla. 2005). Additionally, in *Ogden v. Hillsborough County*, Mr. Fenton filed a motion seeking an award of attorney's fees at an hourly rate of $375.00, but the parties later settled and the motion was deemed moot. *See* Case No. 8:08-cv-1187-T-26TBM, Dkt. Nos. 136, 156. As such, the Court did not award an hourly rate of even $375.00 in that case. Given the foregoing, an hourly rate of $400.00 for Mr. Barack does not comport with the prevailing market rate and should therefore be reduced. Similarly, given Ms. Nadeau's limited experience from the outset through the course of this action, a slight reduction in her hourly rate is also warranted.

Accordingly, based on careful consideration of the parties' arguments, expert affidavits,

nature of this case, skill and experience of the Plaintiff's attorneys, and the undersigned's own

expertise and judgment, I therefore recommend a reduction of the requested hourly rates for both

Mr. Barack and Ms. Nadeau.[7]   Namely, I recommend that Mr. Barack be entitled to a reasonable

hourly rate of $350.00 and Ms. Nadeau be entitled to a reasonable hourly rate of $175.00.

### B.      Hours Reasonably Expended

In calculating the hours reasonably expended on litigation, courts exclude excessive,

unnecessary, and redundant hours and also time spent litigating discrete and unsuccessful claims.

*Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996).   As noted previously, those

opposing the fee petition should be reasonably precise in their objections, as the opponent of the

fee has the burden of pointing out with specificity the hours that should be deducted.   *See*

*Norman*, 836 F.2d at 1301; *Centex-Rooney Const. Co. Inc. v. Martin County*, 725 So. 2d 1255,

1259 (Fla. 4th DCA 1999). "Accordingly, a fee opponent's failure to explain exactly which hours

[the opponent] views as unnecessary or duplicative is generally viewed as fatal." *Scelta v.*

*Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray*

*v. Lockheed Aeronautical Systems Co.*, 125 F.3d 1387 (11th Cir.1997)).

According to the Plaintiff, Mr. Barack expended a total of 260.8 hours and Ms. Nadeau

expended a total of 190.8 hours on the instant litigation and subsequent appeal.  Upon review of

the declarations of Mr. Barack and Ms. Nadeau, it appears that the itemized billing was precise

---

[7]  In doing so, I have considered the *Johnson* factors and found that, with the exception
of the fact that Mr. Barack and Ms. Nadeau accepted the case on a contingency basis and
therefore assumed risk of non-payment, the factors all weigh in favor of a reduction in the
hourly rate awarded. *See Johnson*, 488 F.2d at 717-19.

and thorough. From the initial call regarding a possible claim by the Plaintiff through the end of the litigation and appeals process, Mr. Barack billed an average of 52 hours per year and Ms. Nadeau billed an average of 38 hours per year.[8] Though both attorneys reviewed the same document on a few occasions, such minor redundancies are typical and expected where more than one attorney appears in a case. The time records do not reveal an excessive amount of such overlap and do not indicate that the attorneys wasted time on frivolous or unnecessary matters. Furthermore, the Court noted in its order initially vacating the jury's award of back wages that "this case is more factually complex than the run-of-the-mill discrimination case" (Dkt. No. 102 at 21), which tends to demonstrate that the hours billed are more than reasonable for a case complicated by numerous factual issues. Accordingly, based on the foregoing, the lodestar figure should be $124,670.00 for 260.8 hours for Mr. Barack at an hourly rate of $350.00 plus 190.8 hours for Ms. Nadeau at an hourly rate of $175.00.

### C.     Adjustments to the Lodestar

"After determining the lodestar amount as above, the Court is entitled to adjust the amount of final fees awarded in light of the results obtained through the litigation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (citing *Hensley* and *Norman*). The Defendant

---

[8]     The Defendant contends that the Court should not award attorneys' fees for work in prosecuting the Plaintiff's claim before the United States Equal Employment Opportunity Commission, yet cites no support for such an assertion. Notably, however, the Supreme Court has found that, where administrative proceedings are intimately related to the resolution of a judicial action and necessary to achieve the results Congress sought to promote by providing for fees, the administrative proceedings should be considered part of the action for which fees may be awarded. *Sullivan v. Hudson*, 490 U.S. 877, 888-90 (1989); *New York Gaslight Club, Inc. v.Carey*, 447 U.S. 54, 60-71 (1980).

11

argues that the lodestar should be reduced by 30 percent to reflect the fact that this "was not a complex discrimination case; the case did not present novel or difficult issues; and the case did not confer [] a specific benefit to nonparties or challenge an institutional practice" (Dkt. No. 136). The Defendant is correct in asserting that the Plaintiff's success was limited to the specific facts of this case, the Plaintiff did not challenge an institutional practice or policy, and there was no award for injunctive or declaratory relief. Instead, the jury awarded the Plaintiff $80,000 in back pay and benefits and $10,000 in emotional pain and mental anguish, which the Eleventh Circuit upheld (Dkt. Nos. 129, 130, 136). For the purposes of determining whether an adjustment of the lodestar amount is necessary, the degree of success is key. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (noting that the degree of a plaintiff's overall success is "the most critical factor" in determining the reasonableness of a fee award). In some circumstances, even a plaintiff who "prevails" for the purposes of establishing attorneys' fees may nevertheless receive no attorneys' fees at all if the ultimate award was nominal damages. *Id*. at 115.

Here, at trial, the Plaintiff's counsel asked the jury to award the Plaintiff $130,000 in back pay and unspecified damages to compensate for emotional pain and/or mental anguish (Dkt. No. 93 at 102-03). Following trial, the jury awarded the Plaintiff only $80,000 in back pay and $10,000 in emotional damages (Dkt. No. 88). While the Plaintiff prevailed at trial, and the damages awarded were not nominal, the extent of the Plaintiff's success is diminished by the disparity in the damages requested and the damages awarded by the jury. Where the Plaintiff requests over $142,000 in attorneys' fees for work that ultimately resulted in judgment for the Plaintiff in the amount of $90,000, the Court finds that the amount of fees is slightly

12

disproportionate to the Plaintiff's success and should be reduced by 10 percent. *See Hensley*, 461 U.S. at 438-39 (noting the importance of properly considering the relationship between the extent of success and the amount of the fee award). Using the lodestar amount of $124,670.00 as determined above, it is therefore recommended that the lodestar be reduced by an additional 10 percent, resulting in an adjusted lodestar of $112,203.00 for services rendered by the Plaintiff's attorneys.

### D. Costs and Expenses

In addition to attorneys' fees, the Plaintiff seeks an award of costs in the amount of $8,546.49 (Dkt. Nos. 133, 134). Rule 54 dictates that costs should be awarded to a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, the following may be taxed as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. *See generally, Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). The party seeking an award of costs or expenses

13

bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *See Loranger*, 10 F.3d at 784.

Similar to the Plaintiff's request for attorneys' fees, the Defendant argues that the Plaintiff's request for costs and expenses should be reduced. First, the Defendant argues that the Plaintiff's $437.00 portion of the mediation expenses are not taxable as costs and should thus be deducted from the Plaintiff's requested costs (*see* Dkt. No. 134 at 32). Indeed, mediation costs do not fit within the ambit of expenses taxable under 28 U.S.C. § 1920 or 28 U.S.C. § 2000e-5(k) and are therefore not taxable as costs. *Williams v. Consolidated City of Jacksonville*, No. 3:00-cv-469-J-32TEM, 2006 WL 4794173, at *12 (M.D. Fla. Sept. 11, 2006); *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1300 (M.D. Fla. 2000) (finding the plaintiff cited no authority for taxing the defendant with the costs of mediation and therefore excluding the mediation fees from the award of costs). Accordingly, it is recommended that the $437.00 mediation fee be excluded from the award of costs.

In addition, the Defendant argues that the Plaintiff is not entitled to tax the full $480.00 bill for her witness fees. Under 28 U.S.C. § 1821, a witness shall be paid an attendance fee of $40 per day for each day's attendance before a federal court or before any person authorized to take the witness's deposition. 28 U.S.C. § 1821(a) & (b). In her Bill of Costs, the Plaintiff identifies twelve witnesses for whom she seeks fees at a rate of $40.00 per day for a total cost of $480.00 (Dkt. No. 134 at 1-2,19-22). The Defendant asserts that seven of these witnesses (Richard Evans, Colonel Hawkins, James Jones, Richard Sanchez, Michael Tucker, George

Wihle, and Harold Winset) did not testify at trial and should not be included for the purposes of taxing costs. Review of the trial transcripts reveals that the seven witnesses identified by the Defendant did not testify (Dkt. Nos. 91-94).[9] Although these seven witnesses may have been deposed by the Plaintiff, the Plaintiff offers no support for such a conclusion and the record is devoid of any evidence to indicate those witnesses were in fact deposed. Accordingly, it is recommended that the Plaintiff's witness fees be reduced by $280.00 (seven witnesses x $40.00) from $480.00 to $200.00.

The Defendant does not take issue with any other costs or expenses requested by the Plaintiff. Given the foregoing, therefore, it is recommended that the award of costs be reduced by $717.00 ($437.00 mediation fee + $280.00 excessive witness fees). Accordingly, I recommend that the Plaintiff be awarded a total of $7,829.49 in costs and expenses.

### IV.     Conclusion

Accordingly, and for the foregoing reasons, it is hereby

RECOMMENDED:

1. The Plaintiff's Motion for Attorneys' Fees (Dkt. No. 133) be GRANTED IN PART AND DENIED IN PART, to the extent that $112,203.00 in attorneys' fees and $7,829.49 in costs be awarded in favor of the Plaintiff and against the Defendant.

---

[9] The transcripts also reveal that Vickie Lay did not testify at trial, but the record indicates that she was deposed given that her deposition transcripts were used in support of the Plaintiff's motion for partial summary judgment (Dkt. Nos. 16, 18, 42).

IT IS SO REPORTED in Tampa, Florida on this 23rd day of October, 2012.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:

Honorable Virginia M. Hernandez Covington

Counsel of Record

16